IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



JERRY WELTY, JR.,

    Plaintiff,

v.                                      Civil Action No. 3:17CV173

PETE MELETIS, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Jerry Welty, Jr., a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I. STANDARD FOR MOTION TO DISMISS

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)), *aff'd*, 36 F.3d 1091 (4th Cir.

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

1994). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

2

for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SUMMARY OF PERTINENT ALLEGATIONS

The action proceeds on Welty's Particularized Complaint ("Complaint," ECF No. 17.) Welty has named as Defendants Pete Meletis and Glendell Hill. (*Id.* at 1.)[2] In full, the factual allegations in Welty's Complaint state:

> Within the Prince William Manassas Regional Adult Detention Center "MAIN JAIL" the defendants facilitate abuse and violence while knowingly providing impunity to the aggressors, inmates and staff alike. The defendants are responsible for the provision of security. They have created an abnormally hostile and unsafe environment through absent and grossly negligent security.
> The defendants intentionally withhold and deny access to policy to the inmate population and public in Prince William Manassas Regional Adult Detention Center without a court order or subpoena. This allows and promotes the mistreatment of inmates.

(*Id.*) Welty alleges violations of the Ninth[3] and Fourteenth[4] Amendments, and the Virginia Constitution. (*Id.* at 2–3.) In his Prayer for Relief, Welty requests a monetary award of $6,000,000 and other injunctive relief. (*Id.* at 3.)

---

[2] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the spelling and removes the internal paragraph numbers in the quotations from Welty's Complaint.

## III. ANALYSIS

### A. Ninth Amendment Claims

Welty contends that Defendants Meletis and Hill violated his rights under the Ninth Amendment. However, Welty's claims under the Ninth Amendment are misplaced, as "the Ninth Amendment refers only to unenumerated rights, while claims under § 1983 must be premised on specific constitutional guarantees." *Bussey v. Phillips*, 419 F. Supp. 2d 569, 586 (S.D.N.Y.2006) (citation omitted); *see Strandberg v. City of Helena*, 791 F.2d 744, 748 (9th Cir. 1986) (citations omitted). Accordingly, Welty's Ninth Amendment claims against Defendants Meletis and Hill will be DISMISSED for failure to state a claim.

### B. Eighth Amendment Claims

Welty's *pro se* status entitles him to some leniency. Nevertheless, "[p]rinciples requiring generous construction of *pro se* complaints are not, however, without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "Even in the case of pro se litigants, [district courts] cannot be expected to construct full blown claims from sentence fragments . . . ." *Id.* Given Welty's *pro se* status, the Court construes Welty to allege a violation of the Eighth Amendment.[5]

---

[3] "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const. amend. IX.

[4] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

[5] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

On April 15, 2016, Welty pled guilty to malicious wounding. *See* http://ewsocisl.courts.state.va.us/CJISWeb/circuit.jsp (select "Prince William County Circuit Court" from drop-down menu and follow "Begin" button; type "Welty, Jerry," and then follow "Search by Name" button; then follow the hyperlink for "CR15000749–00"). In his Complaint, Welty also complains that Defendants Meletis and Hill violated his Fourteenth Amendment

4

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (citations omitted). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* To allege an Eighth Amendment claim, an inmate must allege facts that indicate (1) that objectively the deprivation suffered or harm inflicted "was 'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Under the objective prong, the inmate must allege facts to suggest that the deprivation complained of was extreme and amounted to more than the "routine discomfort" that is "part of the penalty that criminal offenders pay for their offenses against society." *Strickler v. Waters*, 989 F.2d 1375, 1380 n.3 (4th Cir. 1993) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). "Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement." *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (citation omitted). To demonstrate such extreme deprivation, Welty "must allege 'a serious or significant physical or emotional injury resulting from the challenged conditions.'" *Id.* at 634 (quoting *Strickler*, 989 F.2d at 1381).

---

rights. "[I]t is now well established that the Eighth Amendment 'serves as the primary source of substantive protection to convicted prisoners,' and the Due Process Clause affords a prisoner no greater substantive protection 'than does the Cruel and Unusual Punishments Clause.'" *Williams v. Benjamin*, 77 F.3d 756, 768 (4th Cir. 1996) (quoting *Whitley v. Albers*, 475 U.S. 312, 327 (1986)). Accordingly, Welty's challenge to the conditions of his confinement will be evaluated under the Eighth Amendment.

The subjective prong requires the plaintiff to allege facts that indicate a particular defendant acted with deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. *Farmer* teaches "that general knowledge of facts creating a substantial risk of harm is not enough. The prison official must also draw the inference between those general facts and the specific risk of harm confronting the inmate." *Quinones*, 145 F.3d at 168 (citing *Farmer*, 511 U.S. at 837); *see Rich v. Bruce*, 129 F.3d 336, 338 (4th Cir. 1997) (stating same). Thus, to survive a motion to dismiss, the deliberate indifference standard requires a plaintiff to assert facts sufficient to form an inference that "the official in question subjectively recognized a substantial risk of harm" and "that the official in question subjectively recognized that his actions were 'inappropriate in light of that risk.'" *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) (quoting *Rich*, 129 F.3d at 340 n.2).

Here, Welty alleges that Defendants Meletis and Hill "facilitate abuse and violence while knowingly providing impunity to the aggressors, inmates and staff alike." (Compl. 1.) Welty further alleges that Defendants Meletis and Hill are responsible for security, and "have created an abnormally hostile and unsafe environment through absent and grossly negligent security." (*Id.*) Finally, Welty alleges that Defendants Meletis and Hill "intentionally withhold and deny access to policy to the inmate population and public in Prince William Manassas Regional Adult

Detention Center without a court order or subpoena" which "allows and promotes the mistreatment of inmates." (*Id.*)

Welty fails to allege sufficient facts for this Court to infer that Defendants Meletis and Hill violated Welty's Eighth Amendment rights through their own individual actions. *Ashcroft*, 556 U.S. at 676. Welty does not allege facts that indicate he sustained a serious physical or emotional injury, or that Defendants Meletis and Hill exposed him to a risk of such. *See Harksen v. Garratt*, 29 F. Supp. 2d 272, 277 (E.D. Va. 1998) (citation omitted) (explaining that "[w]hen a Plaintiff fails to allege that he sustained an injury . . . his [Eighth Amendment] claim must be dismissed."). Further, it appears that Welty faults Defendants Meletis and Hill solely based on their capacities as supervisors and not through any of their own individual actions, and thus, fails to state an Eighth Amendment claim.[6] *Ashcroft*, 556 U.S. at 676.

Moreover, Welty's Complaint is entirely conclusory. Welty provides no factual support for his assertion that Defendants Meletis and Hill are responsible for security or how they have created an "abnormally hostile and unsafe environment" or "den[ied] access to policy." (Compl. 1.) Because at this juncture the Court "can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth" *Ashcroft*, 556 U.S. at 679, the Court finds that Welty's Complaint fails to plead sufficient facts to state an Eighth Amendment claim. *See English v. Murphy*, No. 1:09CV866, 2013 WL 1465321, at *5 (M.D.N.C. Apr. 11, 2013), *adopted by*, No. 1:09CV866, 2015 WL 1505668 (M.D.N.C. Mar. 31, 2015). In all, Welty's Complaint is wholly conclusory and he has failed to allege facts that

---

[6] To the extent that Welty claims that Defendants Meletis and Hill are liable in their capacities as supervisors of the Prince William County Regional Adult Detention Center, Welty also fails to state a claim for relief. Welty fails to demonstrate that Defendants Meletis and Hill "knew of a constitutional deprivation and approved it, turned a blind eye to it, failed to remedy it, or in some way personally participated." *Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996) (citing *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)).

plausibly suggest that Defendants Meletis and Hill individually acted with deliberate indifference. Accordingly, Welty's Eighth Amendment claims against Defendants Meletis and Hill will be DISMISSED WITHOUT PREJUDICE for failure to state a claim.

Finally, Welty's request for injunctive relief is now moot. (Compl. 4.) Since the filing of the action, Welty has been moved from the Prince William Manassas Regional Adult Center and has become a state responsible inmate entrusted to the care of the Virginia Department of Corrections.[7] "[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there." *Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009) (citing *Incumaa v. Ozmint*, 507 F.3d 281, 286–87 (4th Cir. 2007); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991); *Taylor v. Rogers*, 781 F.2d 1047, 1048 n.1 (4th Cir. 1986)). That is the case here. As Welty is no longer housed in the Prince William Manassas Regional Adult Center, Welty's claims for injunctive relief will be DISMISSED AS MOOT.

## IV. CONCLUSION

For the foregoing reasons, Welty's claims against Defendants Meletis and Hill will be DISMISSED WITHOUT PREJUDICE for failure to state a claim. Welty's claims for injunctive relief will be DISMISSED AS MOOT. The action will be DISMISSED. The Clerk will be DIRECTED to note the disposition of the action for the purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

Date: 7/16/18
Richmond, Virginia

/s/ 
John A. Gibney, Jr.
United States District Judge

---

[7] *See* https://vadoc.virginia.gov/offenders/locator/index.aspx (type "Jerry" in the "First Name" textbox and "Welty" in the "Last Name" textbox; follow the "Submit" button).